UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : No. 1:06-cr-221-EGS |
| v. | : |
| JAMES L. MCNEAL,<br>        Defendant | : |

Government's Motion To Permit Impeachment of Defendant With
Evidence of Prior Convictions

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit impeachment of the defendant with evidence of his prior felony convictions for taking indecent liberties with a minor child and for carrying a pistol without a license after having been convicted of a felony, if he chooses to testify at trial in the above matter, pursuant to Rule 609 of the Federal Rules of Evidence.

Background

Defendant McNeal has been charged in a one-count indictment with possession of 50 grams or more of crack cocaine, with intent to distribute, on or about June 21, 2006. The defendant has pled not guilty.

The charges are based on a traffic stop, conducted by the U.S. Park Police on June 21, 2006, at approximately 4:56 p.m., in the area of Fort Totten Drive and Allison Street, N.W., Washington, D.C. The defendant was the driver and was alone in the vehicle, which was a blue Chevy Tahoe. The USPP officers

stopped the Tahoe after observing the defendant driving without a seatbelt.  When the officers approached and began speaking with the defendant, they noticed the strong smell of marijuana coming from inside the Tahoe.  The officers then proceeded to search the Tahoe and ultimately recovered a plastic bag containing two chunks of crack, a separate piece of plastic wrapped around an additional piece of crack, an empty ziplock bag, a digital scale with cocaine residue on it, and trace amounts of suspected marijuana.  Subsequently, $1075 in U.S. currency was recovered from the defendant's pants pockets.

<u>The Defendant's Prior Felony Convictions</u>

Although the defendant has a substantial prior criminal record, this motion concerns only his two prior felony convictions described above.  On September 19, 1994, the defendant was sentenced to 40 months to 10 years of incarceration for the offense of taking indecent liberties with a minor child (Miller Act), to be served concurrently with any other sentence.  On the very same day the defendant was also sentenced to one year for misdemeanor receipt of stolen property and one year for misdemeanor attempted unauthorized use of a vehicle, with those sentences to run concurrently to each other and with any other sentence.

According to the Parole Commission and the Pretrial Services Agency, the defendant was initially released from confinement for

these 1994 sentences, to begin parole supervision for the Miller Act offense, on February 10, 1997.  On September 11, 1997, the defendant was re-incarcerated on a parole warrant, but was then re-instated to parole on October 14, 1997.  He was re-incarcerated again on a parole warrant, on December 17, 2001, and ultimately his parole was revoked.  However, he was re-released on parole on September 27, 2002.  He finally completed his parole supervision for the Miller Act conviction on March 28, 2006.

With respect to the CPWL conviction, the defendant was originally sentenced to 40 months to 10 years of incarceration, to be served consecutively to any other sentence.  However, on November 14, 2001, the judgment in the that case was amended to provide for a sentence of one year imprisonment, with credit for time served.

The Defendant's Prior Felony Convictions Are
Admissible for Impeachment Purposes.

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release

of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying.  Fed. R. Evid. 609(b).

The defendant's 1994 Miller Act conviction satisfies the rule's time limits because he was (initially) released on parole for that offense in 1997.  The 1999 felony CPWL conviction easily satisfies the general 10-year time limit.  In addition, the defendant received a sentence of 40 months to 10 years for the Miller Act violation and thus that prior conviction qualifies as an offense punishable by more than one year in prison.  Based on current information available, the defendant's CPWL conviction was for the offense of carrying a pistol without a license, after previously being convicted for a felony, which is punishable by up to 10 years in prison.  See D.C. Code § 22-4504(a)(2) (2001 ed.).[1]

---

[1] With respect to the conviction for carrying a pistol without a license (CPWL), the government currently has some doubt as to whether that conviction was indeed a felony conviction. Records currently available indicate that the defendant was convicted of CPWL following a previous felony conviction. However, after initially being sentenced on August 27, 1999, to 40 months to 10 years in prison for that conviction, the judgment was amended, on November 14, 2001, to a sentence of only one year imprisonment.  The government is in the process of gathering records that might explain why the judgment was amended. Significantly, under the D.C. Code one who carries a pistol without a license only in his residence or place of business, or only on land he possesses, and who does not have a properly noticed conviction for a prior felony or qualifying weapons offense, is only punishable by up to one year in prison.  See id. §§ 22-4504(a)(1), 22-4515, 23-111.  Thus, the defendant's judgment of conviction for CPWL may have been amended down to a

As for probative value and prejudicial effect, the Court of Appeals, in United States v. Jackson, 201 U.S. App. D.C. 212, 627 F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider when determining the admissibility of a prior conviction for impeachment of a criminal defendant: the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case. Id. at 223, 627 F.2d at 1209.

In this case, on balance, these factors weigh in favor of admissibility under rule 609 of both of the defendant's prior convictions.

1. The Miller Act Conviction

The government concedes that the first Jackson factor, the type of conviction, does not support admission under rule 609, since sex offense convictions are not generally probative of credibility.

The second Jackson factor, however, the timing of the conviction, favors admission because, although originally imposed in 1994, the defendant was incarcerated for this offense as recently as September 27, 2002, and was on parole supervision for

---

misdemeanor. If that is determined to be the case, the government does not intend to use the defendant's CPWL conviction for impeachment purposes under rule 609.

5

the offense as recently as March of this year.  Thus, because the defendant only recently completed his sentence for that conviction, it is relatively more probative of his credibility and therefore should be admitted for impeachment purposes.  See United States v. McLintlock, 748 F.2d 1278, 1287-88 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985).[2]

The third Jackson factor also weighs in favor of admission. Because the prior conviction was for a sex offense and the defendant is charged in this case with a narcotics offense, there is little or no risk that the jury will improperly infer the defendant is guilty of the drug charge merely because of the prior conviction.

As for the importance of the defendant's testimony and the degree to which his credibility is central, the final two Jackson factors, this case is likely to come down to whether the jury believes the defendant constructively possessed the narcotics found in the Tahoe.  As the government does not expect to call any witnesses to testify the defendant had stated he knew the narcotics were there, if he were to testify that he did not know

---

[2] McLintlock, which addressed whether the general 10-year time period under rule 609 gets re-started when a defendant-witness has been re-incarcerated following sentencing for the prior felony in question, held that re-incarceration does re-start the clock, provided the re-incarceration has some connection to the original conviction.  748 F.2d at 1288.  At least one other court that examined the issue saw no need to impose such a limit.  See United States v. Brewer, 451 F. Supp. 50, 52-53 (E.D. Tenn. 1978).

about it, that testimony could be persuasive. Under those circumstances, the jury, in weighing his credibility, should also be permitted to consider that the defendant has been convicted of a felony sex offense. Thus, the fourth and fifth Jackson factors--the importance of the defendant's testimony and the degree to which his credibility is central--also weigh in favor of admitting the prior drug conviction for impeachment purposes.

    2. The CPWL Conviction

With regard to the CPWL conviction, the government concedes that this offense is not generally probative of credibility, and thus the first Jackson factor cuts against admission.

As for the second factor, the timing of the conviction, as it appears the defendant completed his sentence for that offense in 2001, this factor is arguably neutral.

The third factor, however, clearly cuts in favor of admission because the CPWL offense is distinct from the current narcotics charge, and thus there is, once again, little or no risk that the jury will improperly infer guilt merely because the defendant has been convicted of this offense.

And once again, because the defendant's testimony would be important and his credibility central to this constructive possession case, the fourth and fifth Jackson factors favor admission of his conviction under rule 609.

## Conclusion

Accordingly, since both prior convictions are safely within the time limits of rule 609, and both are for felony offenses, but see supra note 1, and with the majority of the Jackson factors weighing in favor of their admissibility for impeachment purposes, the Court should permit the government to impeach the defendant with evidence of these prior convictions.  A proposed order is attached.

```
                              Respectfully submitted,
                              KENNETH L. WAINSTEIN
                              United States Attorney


                      by:     _____
                              Michael C. Liebman
                              Assistant United States Attorney
                              D.C. Bar No. 479562
                              555 Fourth Street, N.W., room 4231
                              Washington, D.C.  20530
                              353-2385
                              michael.liebman@usdoj.gov
```