UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


**UNITED STATES OF AMERICA**      :   No. 1:06-cr-221-EGS
                                  :
      **v.**                         :
                                  :
**JAMES L. MCNEAL,**              :
    **Defendant**                :

Government's Notice Concerning Potential "Other Crimes" Evidence

    The United States of America, by and through the United States Attorney for the District of Columbia, hereby gives notice of potential "other crimes" evidence that it intends to use in its case in chief.

                          Background

    Defendant James L. McNeal has been charged in a one-count indictment with possession of 50 grams or more of crack cocaine, with intent to distribute, on or about June 21, 2006.  He has pled not guilty.

    The charges are based on a traffic stop, conducted by the U.S. Park Police on June 21, 2006, at approximately 4:56 p.m., in the area of Fort Totten Drive and Allison Street, N.W., Washington, D.C.  The defendant was the driver and was alone in the vehicle, which was a blue Chevy Tahoe.  The USPP officers stopped the Tahoe after observing the defendant driving without a seatbelt.  When the officers approached and began speaking with the defendant, they noticed the strong smell of marijuana coming from inside the Tahoe.  The officers then proceeded to search the

Tahoe and ultimately recovered a plastic bag containing two chunks of crack, a separate piece of plastic wrapped around an additional piece of crack, an empty ziplock bag, a digital scale with cocaine residue on it, and trace amounts of suspected marijuana.  Subsequently, $1075 in U.S. currency was recovered from the defendant's pants pockets.

At the time of the traffic stop, other USPP officers were in the process of executing a D.C. Superior Court search warrant at the defendant's residence at 4530 Fort Totten Drive, N.E., apartment 12, Washington, D.C.  Recovered in the search were two plates covered in suspected cocaine residue, a razor blade, various identification and occupancy documents, photographs, and an Olympus camera.

The government hereby provides notice of its intent to use in its case in chief evidence that, at the time the police recovered crack cocaine from the defendant's vehicle, which narcotics are the basis for the charge in the indictment, there was also (1) marijuana, cocaine powder, and drug paraphernalia in the vehicle; and (2) cocaine powder and drug paraphernalia in the defendant's residence.

The government submits that this evidence does not constitute "other crimes" evidence within the meaning of rule 404(b) of the Federal Rules of Evidence, but is instead evidence "intrinsic to" the charged offense of possession of crack cocaine

with the intent to distribute.  See <u>United States v. Alexander</u>, 356 U.S. App. D.C. 299, 307-09, 331 F.3d 116, 124-26 (2003).

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR
                                      United States Attorney

by: _____
     Michael C. Liebman
     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20530
     353-2385
     michael.liebman@usdoj.gov