UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 06-221 (EGS) |
| JAMES L. MCNEAL, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT JAMES L. MCNEAL'S MOTION TO
### SUPPRESS EVIDENCE SEIZED AND STATEMENTS TAKEN
### IN VIOLATION OF THE UNITED STATES CONSTITUTION

Defendant James L. McNeal, through undersigned counsel, respectfully requests that this Court suppress all evidence seized and statements taken pursuant to the stop and subsequent search of Mr. McNeal and his automobile on June 21, 2006. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.[1]

### BACKGROUND[2]

This case arises out of events allegedly occurring on June 21, 2006, at Fort Totten Drive and Allison Street, NW. On that day, Park Police Officers allegedly observed Mr. McNeal driving his car without a seat belt on. The Officers allegedly attempted to conduct a traffic stop, at which

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. McNeal's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

[2] Mr. McNeal here relies only on the arrest report and preliminary hearing transcript as the basis for the facts contained in his motion. That reliance and the summary resulting therefrom should not be construed in any manner as a concession by Mr. McNeal that the allegations contained in the police report and other discovery materials are correct.

time Mr. McNeal stopped the car in front of his home and attempt to walk inside. The officers asked Mr. McNeal to identify himself, which he promptly and accurately did. The officers then allegedly smelled the odor of fresh marijuana emanating from Mr. McNeal's vehicle. The officers allegedly asked Mr. McNeal about the odor, to which he allegedly replied "I don't want no trouble, I don't want to go to jail."

During the search, officers allegedly found a bag containing 2 large chunks of crack cocaine. The officers also allege to have found "trace amounts" of marijuana. The officers also allegedly found an amount of U.S. currency.

## ARGUMENT

1.  **All Evidence and Statements Must Be Suppressed Because the Stop of Mr. McNeal was Objectively Unreasonable.**

In determining the reasonableness of a traffic stop, this Court must apply an objective standard. See United States v. Hill, 131 F.3d 1056 (D.C. Cir. 1997). The officers' stop of Mr. McNeal was objectively unreasonable, because a hearing on this matter will show they had no reason to believe that Mr. McNeal had committed a traffic offense or any other kind of offense. As a result, the fruits of that stop, including the evidence seized from Mr. McNeal's car, as well as any statements made by Mr. McNeal after the stop, must be suppressed.

2.  **All Evidence and Statements Must Be Suppressed Because the Officers Had No Probable Cause to Arrest Mr. McNeal.**

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. McNeal's car. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." Katz

v. United States, 389 U.S. 347, 357 (1967) (footnote omitted).  Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment.  Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, 389 U.S. 347, 357 (1967).  Here, the officers did not have a search warrant to search Mr. McNeal or his car.  Because Mr. McNeal was not lawfully under arrest at the time of the search, there is no applicable exception to the warrant requirement.  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. McNeal and the car must be suppressed.

3.      **All Alleged Statements Made by Mr. McNeal Must Be Suppressed Because They Were Made Involuntarily and Taken in Violation of Miranda.**

   A.     **Mr. McNeal' Statements were Involuntary.**

The government has alleged that Mr. McNeal made a number of statements to police officers.  Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary.  See Lego v. Twomey, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978).  The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's

statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case).

Specifically, the Court must examine the efforts to overbear Mr. McNeal's free will in relation to his capacity to resist those efforts. McNeal v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine Mr. McNeal's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Because the government will be unable to adduce sufficient evidence at a hearing to show that Mr. McNeal's statements were made voluntarily, they must be suppressed.

**B.     Mr. McNeal's Pre-*Miranda* Statements were Made in Violation of Miranda.**

Even if the statements were made voluntarily, Miranda requires suppression of Mr. McNeal's statements during the government's case-in-chief because Mr. McNeal was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

In this case, Mr. McNeal's statements were allegedly made prior to the administration of <u>Miranda</u> rights. The government must therefore establish that those statements were not the product of custodial interrogation. Under the known facts and circumstances of this case, exactly the opposite appears to be the case. Accordingly, the statements must be suppressed.

## **CONCLUSION**

For the foregoing reasons, Mr. McNeal respectfully requests this Court to suppress the crack cocaine and currency allegedly seized on June 21, 2006, and any statements made by Mr. McNeal subsequent to the stop.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 06-221 (EGS) |
| JAMES L. MCNEAL, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Upon consideration of defendant James L. McNeal's Motion to Suppress Evidence Seized and Statements Taken in Violation of the U.S. Constitution, the Opposition thereto, and for good cause shown, it is hereby

**ORDERED** that Mr. McNeal' motion is **GRANTED**; and it is

**FURTHER ORDERED** that the crack cocaine and U.S. currency found by officers on June 21, 2006, is suppressed; and it is

**FURTHER ORDERED** that all statements made by Mr. McNeal to officers subsequent to the traffic stop are suppressed.

**SO ORDERED**.

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

_____
DATE

Jonathan S. Jeffress, AFPD

Michael Liebman, AUSA