```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA        :   No. 1:06-cr-221-EGS
                                :
        v.                      :
                                :
JAMES L. MCNEAL,                :
            Defendant.          :
```

Government's Response To Defendant's Motion To Suppress Physical
<u>Evidence and Statements</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant James L. McNeal's motion to suppress physical evidence and statements.

<u>Background</u>

Defendant McNeal has been charged in a one-count indictment with possession of 50 grams or more of crack cocaine, with intent to distribute, on or about June 21, 2006. He has pled not guilty.

The charges are based on a traffic stop, conducted by the U.S. Park Police on June 21, 2006, at approximately 4:56 p.m., in the area of Fort Totten Drive and Allison Street, N.W., Washington, D.C. The defendant was the driver and was alone in the vehicle, which was a blue Chevy Tahoe. The USPP officers, Andrew Watson and Sean D'Augostine, stopped the Tahoe after observing the defendant driving without a seatbelt. When the officers approached and began speaking with the defendant, they noticed the strong smell of marijuana coming from inside the

Tahoe. The officers then proceeded to search the Tahoe and ultimately recovered, from the front passenger seat, a plastic bag containing two chunks of crack, a separate piece of plastic wrapped around an additional piece of crack, an empty ziplock bag, a digital scale with cocaine residue on it. In addition, also recovered from the passenger compartment of the vehicle was a trace amount of suspected marijuana. Subsequently, $1075 in U.S. currency was recovered from the defendant's pants pockets.[1]

### Argument

1. The Police Had Reasonable Articulable Suspicion To Stop The Defendant's Vehicle To Investigate A Traffic Violation.

The District of Columbia Code makes it a civil infraction to drive a motor vehicle in the District of Columbia without wearing "a properly adjusted and fastened safety belt." D.C. Code §§ 50-1802, 50-1804, 50-1806 (2001 ed.). It is well established that the police, consistent with the Fourth Amendment, may make a traffic stop of a vehicle when there is at least reasonable, articulable suspicion that the driver of the vehicle has committed a traffic violation, even a non-criminal violation. See Whren v. United States, 517 U.S. 806, 809-10 (1996); Berkemer v. McCarty, 468 U.S. 420, 439-40 (1984). During

---

[1] Although defendant's motion seeks to suppress his statements, the government does not intend to offer statements of the defendant, with the exception of the standard booking statements made by the defendant concerning his identity and address.

such a traffic stop, it is permissible for the officer to order the driver and any other occupants to get out of the car. Maryland v. Wilson, 519 U.S. 408, 410-15 (1997).

In this case, the officers stopped the defendant's car only after personally observing the defendant driving without wearing a safety belt.  Based on that observation, the traffic stop was lawful.  Once the defendant's car was stopped, the officers could lawfully approach the car, and ask the defendant to provide his driver's license and vehicle registration.  See D.C. Code §§ 50-1401.01(c), 50-1501.04(a)(1)(C) (2001 ed.) (as amended); 18 D.C. Mun. Regs. § 421.1 (1997).[2]  At that point, without any additional justification, the officers could have ordered the defendant and his female passenger to exit the vehicle.  The

---

[2]The first statutory provision states, in pertinent part:

> Any individual to whom a license or permit to operate a motor vehicle has been issued shall have the license or permit in his or her immediate possession at all times while operating a motor vehicle in the District of Columbia and shall exhibit the license or permit to any police officer upon demand.

D.C. Code § 50-1401.01© (2001 ed.) (as amended).  The second statutory provision makes it unlawful for a person to operate a motor vehicle in the District of Columbia "[i]f such person does not have in his possession or in the motor vehicle . . . operated the registration certificate . . . required therefor."  Id. § 50-1501.04(a)(1)©.  The cited regulation requires the driver of a motor vehicle to display the vehicle's registration card upon demand by a police officer.  18 D.C. Mun. Regs. § 421.1 (1997).

officers were also lawfully in a position to notice the odor of marijuana coming from the defendant's vehicle.

>   2.  <u>The Smell Of Marijuana Emanating From The Vehicle Gave The Officer Probable Cause Both To Search The Passenger Compartment Of The Defendant's Vehicle, And To Arrest The Defendant And Search The Passenger Compartment Incident To Arrest.</u>

It is well established that the police may search a vehicle, without a warrant, if there is probable cause to believe the vehicle contains contraband. <u>Carroll v. United States</u>, 267 U.S. 132, 149-53 (1925). It is similarly well established that if the police have probable cause to arrest a person, they may search his person and areas within his immediate control, without further justification and without obtaining a warrant, <u>United States v. Robinson</u>, 414 U.S. 218, 235 (1973); <u>United States v. Taylor</u>, 302 U.S. App. D.C. 349, 351, 997 F.2d 1551, 1553 (1993) (citing <u>United States v. Watson</u>, 423 U.S. 411, 416-19 (1976)), and that the area within the immediate control of an arrestee includes the passenger compartment of an automobile the arrestee happens to be in, and any containers within the passenger compartment, <u>New York v. Belton</u>, 453 U.S. 454, 457-63 & n. 4 (1981).[3]

---

[3] It is immaterial if, as in this case, the police search the passenger compartment after removing the arrestee from the automobile. That was precisely what how the search of the automobile in <u>Belton</u> was conducted. 453 U.S. at 456; <u>see also Thornton v. United States</u>, 541 U.S. 615, 617-24 (2004) (holding that search of an automobile's passenger compartment incident to arrest can include situations where arrestee has exited

Whether the police have probable cause to make an arrest or search is determined from the totality of the circumstances. Maryland v. Pringle, 540 U.S. 366, 371 (2003); Illinois v. Gates, 462 U.S. 213, 230-38 (1983); Taylor, 302 U.S. App. D.C. at 351, 997 F.2d at 1553.

The government submits that, alone, the officers' detection of marijuana odor coming from the vehicle justified the arrest of the defendant and the search the passenger compartment of the defendant's car, because there was probable cause that the defendant was in possession of marijuana, in violation of 21 U.S.C. § 802(6), 812©, Schedule I (c)(10), 844(a); and D.C. Code § 901.02(4), 902.08(a)(6), 904.01(d) (2001 ed.) (as amended), and that there was marijuana in the vehicle.

The case of United States v. Staula, 80 F.3d 596 (1st Cir. 1996), is instructive. In Staula, a police officer stopped a pickup truck for violations of the state motor vehicle code. Id. at 599. When the officer approached the truck to demand the driver's registration and license, "he smelled the odor of burnt marijuana." Id. In response to the officer's queries, both the pickup truck driver and the single passenger denied they had been

---

automobile prior to police initiating contact).

It is similarly irrelevant if the search precedes the formality of officially placing a temporarily detained person under arrest. See Rawlings v. Kentucky, 448 U.S. 98, 110-11 (1980).

5

smoking marijuana and denied they had any marijuana in the truck, although the passenger volunteered that she "recently had burned incense in the vehicle." Id. at 599-600. The police subsequently searched the truck and immediately found two bags of marijuana behind the passenger seat; in a subsequent, more thorough search, the police recovered a loaded handgun and a box of ammunition, also from behind the passenger seat. Id. at 600.

The Court of Appeals for the First Circuit upheld the search of the truck. Id. at 602-03. The court held that "when a law enforcement officer detects the odor of marijuana coming from a confined area, such as the passenger compartment of a motor vehicle, that olfactory evidence furnishes the officer with probable cause to conduct a search of the confined area." Id. at 602; accord United States v. Parker, 72 F.3d 1444, 1450 (10th Cir. 1995) ("If an officer smells marijuana in the passenger compartment of a vehicle, he has probable cause to search the passenger compartment."); see also United States v. Johns, 469 U.S. 478, 482 (1985) ("After the officers came closer [to the pickup trucks] and detected the distinct odor of marihuana, they had probable cause to believe that the vehicles contained contraband.").

Accordingly, the search of the passenger compartment of the defendant's vehicle is supportable both as a lawful search

incident to a warrantless arrest of the defendant, and a lawful warrantless search of the vehicle.

## Conclusion

Defendant's motion should be denied

Respectfully submitted,
JEFFREY A. TAYLOR
United States Attorney

by: _____
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C.  20530
353-2385
michael.liebman@usdoj.gov