IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>JAMES L. MCNEAL,    )<br>)<br>Defendant.    )<br>                           ) | Crim. No. 06-221 (EGS) |

**DEFENDANT JAMES L. MCNEAL'S OPPOSITION TO
GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

Mr. James L. McNeal, the defendant, through undersigned counsel, respectfully opposes the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), and moves this Honorable Court to deny the motion.[1]

**BACKGROUND**

Mr. McNeal is charged in a one-count indictment with possession with the intent to distribute 50 grams or more of cocaine base.

At trial, the government seeks to introduce evidence discovered during the execution of a search warrant at Mr. McNeal's alleged residence the same day as the traffic stop (June 21, 2006). The contraband allegedly discovered in Mr. McNeal's vehicle was crack cocaine. The items allegedly discovered inside Mr. McNeal's home were two plates with alleged "cocaine residue" found on them, and a razor blade.

---

[1] Counsel apologizes for the belated filing of these pleadings. Counsel did not realize he had not filed Oppositions to the government's 404(b) and 609 motions until the matter was discussed with government counsel last week.

**ARGUMENT**

I. **The Evidence Concerning the Prior Convictions Is Inadmissible Evidence Of Other Crimes Under Federal Rule Of Evidence 404(b).**

The government concedes that the evidence found at 4530 Fort Totten Drive "does not constitute 'other crimes' evidence within the meaning of rule 404(b) of the Federal Rules of Evidence." Gov. Mot. at 2. As both sides agree on this issue, the evidence should not be admitted under Rule 404(b), and no analysis under the Rule is necessary. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)).

II. **The Evidence Is Not Intrinsic To The Charged Offense.**

Mr. McNeal is charged with the possession with intent to distribute 50 grams or more of cocaine base, or "crack." He is not charged with the possession of cocaine powder. Evidence that cocaine powder – which is not "crack" was discovered in Mr. McNeal's residence is irrelevant to a determination of whether Mr. McNeal possessed the drugs in the car, or whether he intended to distribute them. Since the items found in the car and the items found in the house are not probative of one another, the "intrinsic evidence" doctrine does not justify their admission. See, e.g., United States v. Badru, 97 F.3d 1471, 1474 (D.C. Cir. 1996) (admitting evidence in heroin conspiracy case of couriers' smuggling trips to Nigeria because "'the only way [one] can distribute heroin is to get heroin'"); United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

**III.     The Court Should Exclude Evidence Of The Materials Discovered In The Residence Because The Evidence Is More Prejudicial Than Probative.**

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." Anderson, 509 F.2d at 328 (quoting Robinson, 459 F.2d at 856.

As discussed in the previous section, Mr. McNeal is not on trial for the possession of "cocaine residue" or a razor blade. The discovery of these materials in his residence is therefore irrelevant. The weak or nonexistent probative value of the alleged prior bad acts stands in stark contrast to the severe prejudicial impact introduction of the evidence would have on the jury. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has broken the law in another, unrelated instance is more likely to break the law on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent. There exists a grave danger that jurors in Mr. McNeal's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man.

## **CONCLUSION**

For the foregoing reasons and any other reasons that may be adduced at a hearing on this matter, the Court should deny the government's request to introduce evidence of other crimes.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Counsel for James L. McNeal
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500, ex. 134