IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) Crim. No. 06-221 (EGS) ) |
| JAMES L. MCNEAL, | ) ) |
| Defendant. | ) ) |

**DEFENDANT JAMES L. MCNEAL'S MOTION
TO EXCLUDE USE OF PRIOR CONVICTIONS**

Mr. James L. McNeal, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. McNeal should he exercise his right to testify at trial.

## BACKGROUND

Mr. McNeal is charged in a one-count indictment with possession with the intent to distribute 50 grams or more of cocaine base.

At trial, should the defendant testify, the government seeks to impeach him with two prior convictions: (1) a **1994** Miller Act conviction (stemming from an offense that occurred when the defendant was either 18 or 19 years old); and (2) a 1999 CPWL conviction for which the defendant ultimately received a sentence of only one year, the maximum under the subsection of the D.C. Code of which Mr. McNeal was convicted. See D.C. Code 22-3204(a).

## ARGUMENT

The government's Rule 609 Motion in this case is an obvious effort to prejudice the jury against the defendant based on old prior convictions that did not involve deceit or dishonesty. Federal Rule of Evidence 609 provides:

> (a) General rule. For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

The admission of Mr. McNeal's prior convictions would be improper under the Rule. Under Rule 609(a), prior felony convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect. In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable–and severe–prejudicial impact that their admission would engender. See United States

v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").

**1.    Miller Act Conviction.**

The government's attempt to introduce Mr. McNeal's Miller Act conviction (which occurred when Mr. McNeal was only 18 or 19 years old) should be rejected. First, it should be noted that the conviction just barely qualifies for Rule 609(a)(1)'s 10 year window, as Mr. McNeal was released from prison in 1997. Thus, its probative value of anything is extremely low. Second, and moreover, the substantial prejudice of presenting evidence of this conviction to a jury is obvious. The government would presumably introduce this conviction as "taking indecent liberties with a minor child." It is difficult to fathom evidence more prejudicial to a defendant, or a situation where a jury is more likely to convict based on a defendant's prior offense, rather than the evidence adduced concerning the charge in this case. Finally, the Miller Act conviction has nothing to do with truthfulness or veracity. It should be excluded.

**2.    CPWL conviction.**

The government's effort to introduce Mr. McNeal's CPWL conviction should likewise be rejected. Although Mr. McNeal was originally sentenced for the CPWL as a felony, that sentence was vacated in 2001 and Mr. McNeal was sentenced under the misdemeanor portion of the statute. See D.C. Code § 22-3204(a). The government has stated that it will not seek the admission of the conviction if in fact it was a misdemeanor. Because the conviction ultimately proved to be a misdemeanor, the defense expects that the government will withdraw the CPWL portion of its Rule 609 motion. In any event, because, inter alia, the conviction does not satisfy the portion of Rule 609 requiring that the proffered conviction be punishable by "imprisonment in excess of one year," the government's Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Mr. McNeal respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Counsel for James L. McNeal
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500