THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 06-221 (EGS) |
| ) | |
| JAMES L. MCNEAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPT
AND MEMORANDUM OF POINTS AND AUTHORITIES**

*COMES NOW* Latosha B. Crawford, through undersigned counsel, and respectfully moves this Court compel the government produce her grand jury testimony before she is required to testify in the above captioned case.[1] In support of this motion, counsel states the following:

**FACTUAL BACKGROUND**

Ms. Crawford was subpoenaed by the defendant in the above captioned case to testify at his motions hearing to suppress evidence. Ms. Crawford was similarly served a subpoena by the United States Attorney's Office, to testify at the trial in this case.[2] On February 13, 2007, she dutifully appeared in court as ordered pursuant to the defendant's subpoena. Upon information and belief, this Court upon hearing a proffer from the defendant's counsel as to the areas of inquiry as well as being provided additional information relative to the case advised Ms. Crawford to obtain an attorney and the

---

[1] On February 16, 2007, undersigned counsel requested the government turn over Ms. Crawford's grand jury testimony. The government denied the request and informed undersigned counsel that she should request a court order. However, the government was uncertain as to what its position would be before the court as to this request.
[2] The trial in this case was continued and as of the filing of this motion, Ms. Crawford has not yet been re-subpoenaed by the government.

hearing was continued until February 20, 2007. Undersigned was contacted by the Federal Public Defender's Service to represent Ms. Crawford pursuant to the Criminal Justice Act.

Undersigned was advised that Ms. Crawford testified before a grand jury sometime in July 2006.[3] Upon information and belief her testimony pertained to the charge in the pending case against the defendant. Also, upon information and belief the instant investigation is no longer active and ongoing, as the defendant has been indicted and is pending trial.

As Ms. Crawford is now confronted with the prospect of testifying under oath regarding information for which the government has not provided the protection of immunity nor will they in the future offer her immunity, she must decide whether or not to assert her Fifth Amendment right not to testify.[4] As she has already given testimony before a grand jury regarding potentially the same areas of inquiry, Ms. Crawford may no longer have the protections provided by the Fifth Amendment. Without undersigned being afforded the opportunity to review Ms. Crawford's grand jury testimony, Ms. Crawford will not be able to knowingly determine if she already waived her Fifth Amendment rights. If the subject area of inquiry was different than the potential testimony now sought, her Fifth Amendment privilege not to incriminate herself may still exist. Likewise, if she was not informed of her rights prior to testifying before the grand jury she may not have waived those rights either.

---

[3] This information was not obtained from the government, as the government would not confirm whether or not Ms. Crawford testified before the grand jury.

[4] Undersigned has determined that certain questions could call for an incrimination answer or one that could place her in jeopardy of sitting along side the defendant in trial for the same charges he faces as well as for charges in Superior Court.

2

# LEGAL PRINCIPLES

## MS. CRAWFORD HAS PARTICULARIZED NEED FOR HER GRAND JURY TESTIMONY

Grand jury secrecy is inviolable "except where there is a compelling necessity" for disclosure. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Such requisite need must, be shown with particularity. *Id; United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

Fed. R. Crim. P. 6(e)(3)(E)(i) provides for the court to authorize disclosure of grand jury transcripts "preliminarily to or in connection with a judicial proceeding." Chief Judge Hogan in this District has found that a witness seeking to obtain his or her own grand jury testimony pursuant to Rule 6 (e)(3)(E)(i) must show a *particularized need* for disclosure of the transcript that outweighs the need for grand jury secrecy. *In re Grand Jury Proceeding,* 237 F.R.D.1, 3 (May 1, 2006) (emphasis added).[5]

Ms. Crawford has a particularized need to review her grand jury transcripts before she testifies in this case. The government has not provided her transactional immunity nor will she be provided such immunity, relative to the circumstances and items recovered from the two arrests of the defendant in June 2006. Based on the potential areas of inquiry at the motions hearing as well as at trial, she could expose herself by now testifying. She therefore, has a viable Fifth Amendment privilege to assert. However, if

---

[5] In that case, the petitioner, similarly to Ms. Crawford, sought to obtain her own grand jury testimony. Petitioner moved for disclosure pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), arguing that the decision in *In re Sealed Motion*, 880 F.2d 1367 (D.C. Cir. 1989) controlled and established a presumptive right to disclosure when a witness seeks his or her own grand jury testimony. Chief Judge Hogan, found *that In re Sealed Motion* did not apply to the Petitioner as that earlier holding was limited to a "grand jury witness *named in an independent counsel's report.*" *Id at 3*. Here, Ms. Crawford believes even if *In re Sealed Motion* does not apply she has a particularized need for her grand jury testimony.

she already testified in the grand jury to the potential incriminating information, she may have already waived her right and will not now be able to assert her Fifth Amendment right against self incrimination. *See United States v. Miller*, 904 F.2d 65, 67 (D.C. Cir. 1990)   However, if she was not properly advised of her Fifth Amendment rights before the grand jury, she might not have made a knowing waiver of those rights. *See e.g., U.S. v. Jacobs*, 547 F.2d 772, 774-76 (2d. Cir. 1976).  Without review of the grand jury transcripts, none of this information can be determined.  It is only through review of her grand jury transcripts that Ms. Crawford can fully determine what legal rights she still preserves.

Further, upon information and belief, the instant investigation is no longer active and ongoing as the defendant is indicted and is pending trial in March.  Additionally, Ms. Crawford seeks her own transcript, not that of another witness.  Ms. Crawford has no intention of revealing her grand jury transcripts to any other party in this matter.  She merely seeks to review and discuss the material with her attorney so that she can make a knowing determination of how next to proceed and of what rights she may now assert.

*WHEREFORE* for these reasons and any others that the court may deem relevant, Ms. Crawford moves this court compel the government produce her grand jury testimony to her before she is required to testify in the above captioned case.

Respectfully submitted,

_____
Elita C. Amato
Counsel to Latosha B. Crawford
D. C. Bar # 442797
1211 Conn. Ave., N.W.,
Suite 400
Washington, D.C.  20036
(202) 223-3210


**CERTIFICATE OF SERVICE**

**I CERTIFY** that the above motion was filed electronically on February 16, 2007, causing service electronically upon all parties in this case.

_____
**Elita C. Amato, Esq.**