# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No. 06-221 (EGS)** |
| | ) | |
| **JAMES L. MCNEAL,** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT JAMES MCNEAL'S NOTICE OF RELEVANT AUTHORITIES AND LEGAL SUPPLEMENT TO MOTION TO SUPPRESS PHYSICAL EVIDENCE

Mr. James L. McNeal, the defendant, through undersigned counsel, respectfully submits this Notice of Relevant Authorities and Legal Supplement to His Motion to Suppress Physical Evidence.  The evidentiary hearing on Mr. McNeal's Motion is due to conclude tomorrow, **February 20, 2007, at 11:00 a.m.**  As a supplement to Mr. McNeal's Motion to Suppress, undersigned counsel respectfully calls to this Court's attention two relevant opinions of this Court discussed below.

I.    United States v. Kevin M. Sales, 04-cr-304 (RJL), (D.D.C. December 1, 2004).

In United States v. Sales, the Honorable Richard J. Leon found it incredible that a United States Park Police Officer could, from outside a defendant's vehicle, smell 3.1 grams of fresh marijuana that had been placed inside a plastic bag inside a cup.  See Ex. 1 (Transcript of Motion Hearing) at p. 9.  In Sales, the defendant was driving his car, with the windows partially down when United States Park Police Officer Johnson conducted a traffic stop because of an illegal window tint.  Id. at p. 5.  Officer Johnson approached the car and started a conversation with the defendant.  Officer Johnson later testified at the suppression hearing that he had "immediately

detected the odor, strong odor of marijuana coming from the passenger compartment of the vehicle." Id. at p. 5.  The officer asked the defendant to exit the vehicle, frisked him and discovered 33.5 grams of crack cocaine in the defendant's crotch area.  Id. at p. 6.  The officer then placed the defendant under arrest and conducted a search of the car incident to arrest.  Id. During the search, the officer discovered 3.1 grams of "raw" marijuana in a soda cup in the center console of the vehicle.  Id. at p. 7.  In contrast to this case, Officer Johnson preserved the marijuana evidence in an appropriate manner.

The Court nevertheless suppressed the evidence recovered from both the defendant and his vehicle because, inter alia, Officer Johnson had no probable cause to arrest the defendant.  Id. at p. 8-9.  The Court found that Officer Johnson's testimony concerning his nasal detection of the marijuana was not credible.  The Court distinguished the case from another marijuana odor case, United States v. Turner, because there was no odor of burnt marijuana, no physical evidence that marijuana had been smoked, and the officer did not see any marijuana in the car prior to the search. Id. at p. 10-11.

The facts of Sales are remarkably similar to those of the present case.  After a traffic stop, Officer Watson predicated a search of Mr. McNeal's car solely on the alleged smell of "raw" marijuana emanating from the vehicle.  Expert witnesses from both the defense (David Leff) and the government (Detective Washington) have now testified that Officer Watson could not have smelled a trace amount of raw marijuana in the center console from his position outside of the car.  Also, as in Sales, there was no physical evidence that marijuana had been smoked, and the officer did not see any marijuana in the car prior to the search.  Thus, as in Sales, where Judge Leon found that an officer could not have smelled 3.1 grams of raw marijuana from a position

outside the car, this Court should find that Park Police Officer Watson could not have perceived the smell of raw marijuana from his position, and suppress the physical evidence in this case.

**II.     United States v. Green, 437 F. Supp.2d 38, 40 (D.D.C. 2006)**.  A second basis to suppress evidence in this case was a basis for suppression in United States v. Green:  the officers' abject failure to preserve–in any manner whatsoever–the evidence giving rise to the search.  In United States v. Green, a case before the Honorable James Robertson, the defendant was stopped after the police suspected that his windows violated the District of Columbia's window-tint law.  The officer who made the stop approached the car and allegedly smelled a strong alcohol smell coming from the vehicle.  Id.  The officer noticed a cup located in the car's cupholder and asked the defendant what was in the cup.  The defendant responded that there was tea in the cup, but the officer said it smelled like cognac.  The defendant was asked to exit the vehicle and was placed under arrest, at which time he was frisked and a handgun was discovered.

At the suppression hearing, the government could produce neither the liquid in the cup nor the cup itself.  Id. at 42.  As in this case, no photographs were taken of the evidence (the cup), either.  Id. at 40.  Due to this lack of evidence, as well as discrepancies between the arresting officers' testimony, Judge Robertson suppressed the handgun, finding that there was no probable cause to arrest the defendant or to search his person.

As in Green, the Park Police Officers in this case declined not take the most elemental steps to preserve the marijuana evidence–even assuming such evidence ever existed.  This clear violation of standard police practices is made even more egregious by the fact that one of the arresting officers–Park Police Officer D'Augustine–is himself a crime scene search officer.  It is obviously one of the principle duties of a crime scene search officer to preserve and document

crime scene evidence, including any drug evidence.  Given the complete failure of the officers to

preserve the marijuana evidence in this case, the defense respectfully submits that this Court

should follow the Green case and suppress the physical evidence in the present case.

WHEREFORE, Mr. McNeal respectfully submits the above Notice of Relevant

Authorities and Legal Supplement to His Motion to Suppress.

Respectfully submitted,


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004

(202) 208-7500, ex. 134